UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES F. CLENDENIN,

    Plaintiff,

v.    Case No. 8:23-cv-2155-VMC-JSS

CHRISTOPHER W. KENNEDY
and GEICO GENERAL INSURANCE
COMPANY,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Charles F. Clendenin's Motion to Remand (Doc. # 31), filed on October 25, 2023. Defendant GEICO General Insurance Company responded on November 8, 2023. (Doc. # 34). For the reasons that follow, the Motion is granted and the case is remanded to state court.

**I.   Background**

Clendenin initiated this action in state court against Defendants GEICO and Christopher W. Kennedy in March 2023. (Doc. # 1-10). The amended complaint outlines the history of Clendenin's underlying state court action against Kennedy, who was insured by GEICO. (Id.).

1

According to the amended complaint, Kennedy and Clendenin were in a car accident in 2013, in which Clendenin suffered severe injuries and other damages. (Id. at 2-3). GEICO refused to accept Clendenin's settlement offer for the policy limits. (Id. at 3). Clendenin then filed a negligence action against Kennedy in state court in February 2014. (Id.). That case "was litigated for over five years." (Id.).

"To avoid unnecessary costs associated with trial, [Clendenin and Kennedy] drafted a proposed Stipulation for Final Judgment against [] Kennedy and agreed on an amount of $1,000,000.00." (Id.). The amended complaint alleges that "[t]he Parties' ability to enter into the Consent Judgment was contingent upon GEICO's consent to [] Kennedy accepting the Consent Judgment and that it would not raise any policy defense or coverage defense based upon the acceptance of the Consent Judgment." (Id.). "On May 28, 2019, relying on [] Kennedy's and GEICO's express agreement to the proposed terms and the effect of the Final Judgment, the Parties executed a Stipulation for Final Judgment against [] Kennedy." (Id.). "Pursuant to the Consent Judgment, the court entered a Final Judgment against [] Kennedy on August 20, 2019." (Id. at 3-4).

"In an effort to clarify the agreement reached in the Stipulation for Final Judgment, [] Clendenin moved to amend the Final Judgment." (Id. at 4). GEICO, "appearing in the underlying case [as] a non-party, filed papers in opposition, expressly stating that 'GEICO did not approve or join in the Settlement and Assignment Agreement.'" (Id.). "GEICO contradicted the position represented by GEICO's insured, [] Kennedy, and GEICO challenges that it provided its assent to the Consent Judgment." (Id.). "GEICO's assent and [] Kennedy's acquisition thereof was a key inducement in [] Clendenin's acceptance of the Consent Judgment." (Id.). "GEICO and [] Kennedy's actions have called into doubt GEICO's necessary assent to the Consent Judgment." (Id.).

The amended complaint asserts (1) a claim for a declaratory judgment against both GEICO and Kennedy (Count I), and (2) a claim for bad faith against GEICO (Count II). (Id. at 4-6). As for Count I, Clendenin seeks a declaration "that Mr. Kennedy and GEICO provided the assent necessary for the Agreement and the Consent Judgement, [and] that GEICO is now estopped from claiming otherwise." (Id. at 6); see also (Id. at 5) (asserting Clendenin is entitled to "a declaration that GEICO is estopped from denying its assent to the Consent

3

Judgment in any derivative claims from its handling of Mr. Clendenin's claim against GEICO's insured, Mr. Kennedy").

Count I explains that "Clendenin relied to his detriment on [] Kennedy and GEICO's representations of assent, as he could have taken the issue to trial by jury and would have done so if [] Kennedy did not sufficiently receive the consent of his insurer or if GEICO could and would later collaterally attack its own assent to and the purpose of the Consent Judgment, i.e., to liquidate [] Clendenin's damages so as to be able to pursue GEICO to collect them in a common law bad faith action." (Id. at 5); see also (Id.) ("Mr. Clendenin reasonably relied on Mr. Kennedy and GEICO's representations that GEICO provided the necessary assent to form the basis for the Consent Judgement and should be estopped from any deviations from that agreement."). Now, "Kennedy and GEICO have both taken the contrary position, asserting that GEICO was not required to be, and was not actually, bound by the Agreement and the Consent Judgement. This contrary position calls into doubt the viability of the Consent Judgment." (Id.). Thus, Clendenin reasons, "[a]n actual, bona fide, and present need exists for an adjudication of the controversy between the parties as to the legal question of whether [] Kennedy and GEICO provided the assent necessary for the basis

4

of the Consent Judgement, such that the Consent Judgment serves as a binding 'excess judgment' necessary to effectuate the purpose of the Agreement." (Id. at 5-6).

GEICO removed the case to federal court on the basis of diversity jurisdiction. (Doc. # 1). The notice of removal asserts that Clendenin is a Florida citizen, and GEICO is a Maryland and Nebraska citizen. (Id. at 2-3). Kennedy's citizenship is unknown, although he was a resident of Florida at "all times material to the underlying action" and possesses a Florida driver's license. (Id. at 3 & n. 1). But, according to GEICO, Kennedy's "citizenship does not destroy diversity jurisdiction in this action because Kennedy was fraudulently joined as a defendant to the present lawsuit." (Id. at 4).

Now, Clendenin moves to remand, insisting that Kennedy has not been fraudulently joined and thus complete diversity does not exist. (Doc. # 31). GEICO has responded (Doc. # 34), and the Motion is ripe for review.

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that

5

jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

"An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citing 28 U.S.C. § 1441(a)). "When a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed." Id. (citations omitted). "However, '[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'" Id. (quoting Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006)). "In such a case, the plaintiff is said to have 'fraudulently joined' the non-diverse defendant." Id.

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the

6

parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

### III. Analysis

Here, Clendenin moves to remand the case to state court because complete diversity does not exist. (Doc. # 31). Clendenin is a citizen of Florida and, though not perfectly established, it appears that Kennedy is also a citizen of Florida. (Doc. # 1-1 at 2); see also (Doc. # 1 at 2-4) (acknowledging that Clendenin is a citizen of Florida, and that Kennedy was a citizen of Florida throughout the original state court action against Kennedy); (Doc. # 16 at 2) (Clendenin's status report on service on Kennedy, reporting that Kennedy's brother informed Clendenin's counsel that Kennedy "currently resides in Florida"). If this information is insufficient to establish Kennedy as a citizen of Florida, then Kennedy's citizenship is unknown such that GEICO has still failed to establish that complete diversity exists.

For its part, GEICO maintains that this Court does have jurisdiction because Kennedy was fraudulently joined as a defendant to this action. GEICO reasons that Clendenin cannot state a claim for declaratory relief against Kennedy because, "as a matter of Florida law, the Consent Judgment entered in the underlying action serves as a binding excess judgment,

7

which serves as the 'condition precedent' for [Clendenin] to bring his common law bad faith action against GEICO." (Doc. # 34 at 8); see also (Doc. # 1 at 4-5) (arguing that, "under Florida law, the Consent Judgment serves as a binding 'excess judgment' necessary to support Clendenin's common law bad faith claim against GEICO as asserted in Count II of the Amended Complaint"). Thus, according to GEICO, "there is no actual and practical need for the declaration sought in Count I of [Clendenin]'s Amended Complaint." (Doc. # 34 at 8).

"To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Stillwell, 663 F.3d at 1332 (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). A third type of fraudulent joinder also exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); see also Tapscott v. MS

8

Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996) ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder."), abrogated on other grounds by Cohen v. Off. Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). The burden of proving fraudulent joinder "is a 'heavy one.'" Stillwell, 663 F.3d at 1332 (citation omitted).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. at 1333 (quoting Crowe, 113 F.3d at 1538). The analysis "must be limited to determining whether [plaintiff has] even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." Crowe, 113 F.3d at 1539. "[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. at 1538.

Upon review, the Court is not convinced that there is no possibility Clendenin can establish a cause of action against Kennedy. As the parties are aware, "[t]he purpose of a declaratory judgment is to afford parties relief from

insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1192 (Fla. 1995). "A declaratory judgment may not be invoked if it appears that there is no bona fide dispute with reference to a present justiciable question." Real Est. Sols. Home Sellers, LLC v. Viera E. Golf Course Dist. Ass'n, Inc., 288 So. 3d 1228, 1230 (Fla. 5th DCA 2020) (citation and internal quotation marks omitted). Florida Statute § 86.011 provides that Florida courts "may render declaratory judgments on the existence, or nonexistence":

> (1) Of any immunity, power, privilege, or right; or
>
> (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.

Fla. Stat § 86.011.

GEICO's insistence that Clendenin does not need a declaratory judgment against Kennedy or GEICO to maintain his separate bad faith claim against GEICO is misplaced. True, the existence of the Consent Judgment and Final Judgment in the underlying state action is the predicate necessary for

Clendenin to assert his bad faith claim against GEICO, as recently made clear by the Eleventh Circuit. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1063 (11th Cir. 2022) ("A final judgment that exceeds all available insurance coverage — regardless of whether it results from a consensual settlement or a jury verdict — constitutes an 'excess judgment' that can satisfy the causation element of an insurer-bad-faith claim under Florida law.").

But the declaratory judgment Clendenin seeks is not primarily about whether the Consent Judgment is an "excess judgment." Rather, Clendenin is unsure and requires a declaration regarding whether Kennedy had obtained GEICO's assent to the Consent Judgment before it was entered in the underlying state court action, as Kennedy allegedly assured Clendenin he had. (Doc. # 1-10 at 3-4). Clendenin explains:

> [T]he Consent Judgment being treated as an excess verdict is only one necessary aspect of GEICO's assent to the Final Judgment because basic contract principles still apply. For the settlement agreement to be valid it required [] Kennedy to gain GEICO's assent to the consent judgment, including its acceptance as a jury verdict, **GEICO's agreement that it would not challenge the reasonableness of the amount or allege that it was the product of collusion, and that it will not bring forth any derivative claims from its handling of [] Clendenin's claim against [] Kennedy.**

(Doc. # 31 at 12) (emphasis added).

11

Essentially, if GEICO neither agreed to the Consent Judgment entered in state court nor agreed not to "raise any policy defense or coverage defense based upon the acceptance of the Consent Judgment" (Doc. # 1-10 at 3), GEICO will be able to collaterally attack the Consent Judgment on various grounds in response to Clendenin's bad faith claim in this action. Indeed, although the Eleventh Circuit in McNamara held that consent judgments qualify as excess judgments, the McNamara court still explained that "a consent judgment will be enforced against an insurer only to the extent that the judgment itself is reasonable in amount and untainted by bad faith on the part of the insured." McNamara, 30 F.4th at 1062. It is just such an anticipated collateral attack of the Consent Judgment and Final Judgment that Clendenin seeks to head off with his declaratory judgment claim against both Kennedy and GEICO.

With good reason. Prior to the removal of this action, GEICO had suggested in the underlying state court action that it might raise a collateral attack on the Consent Judgment in response to a bad faith claim. In opposing Clendenin's motion to amend the Final Judgment in the underlying state court action, GEICO wrote that it "did not approve or join in the Settlement and Assignment Agreement or the resulting

12

stipulated Final Judgment." (Doc. # 1-10 at 4; Doc. # 28-1 at 4). GEICO further wrote: "With the foregoing in mind, it is clear that GEICO is not bound, did not approve, and **did not agree that the amount of the stipulated Final Judgment was reasonable**." (Doc. # 28-1 at 5) (emphasis added). Importantly, after the Consent Judgment was entered, Kennedy allegedly also denied that GEICO had agreed to the Consent Judgment and subsequent Final Judgment. See (Doc. # 1-10 at 5) ("Kennedy and GEICO have both taken the contrary position, asserting that GEICO was not required to be, and was not actually, bound by the Agreement and the Consent Judgment."). Thus, Clendenin insists, he requires a declaration against both Kennedy and GEICO on the issue of whether Kennedy obtained GEICO's assent.

GEICO's reliance on Colello v. GEICO General Insurance Co. is unavailing because the facts of that case are distinguishable. No. 6:22-cv-1262-RBD-RMN at (Doc. # 43) (M.D. Fla. Jan. 12, 2023). True, the court there held that "[a]s the Consent Judgment is undisputedly an enforceable 'excess judgment,' there is no definite or concrete controversy that touches the legal relations of parties." Id. at 4. But, in Colello, "neither GEICO [n]or [individual defendant] Erroudani [sought] to avoid enforcement of the

13

Consent Judgment, nor [was] it likely that they [could], as Erroudani is a party to the Consent Judgment and **GEICO agreed in writing not to collaterally attack it**." Id. (emphasis added). Here, at the time of removal, GEICO had not agreed — in writing or otherwise — that it would not collaterally attack the Consent Judgment.[1] Rather, based on GEICO's opposition to the motion to amend the Final Judgment in the state court action, there was good reason to believe GEICO would collaterally attack the Consent Judgment and Final Judgment in this action. See (Doc. # 28-1 at 5) ("With the foregoing in mind, it is clear that GEICO is not bound, did not approve, and did not agree that the amount of the stipulated Final Judgment was reasonable.").

---

[1] In its response to the Motion to Remand, GEICO suggests that it is not raising as a defense to the bad faith claim the reasonableness of the amount of the consent judgment or whether it was entered into in bad faith. See (Doc. # 34 at 6 n.2 & 16-17) (stating that GEICO had "not raised" a defense to the bad faith claim about the reasonableness of the amount of the consent judgment and whether it was entered into in bad faith and stating that GEICO "has not and is not collaterally attacking the Final Judgment, [and] has not raised any affirmative defense in that regard"). However, these statements made in GEICO's various filings post-removal do not alter the analysis of whether Kennedy was fraudulently joined by Clendenin. Again, "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal." Pacheco de Perez, 139 F.3d at 1380.

For this reason, it appears that Clendenin has an arguable declaratory judgment claim against Kennedy. See Crowe, 113 F.3d at 1542 ("[T]he district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims."). Clendenin is unsure whether Kennedy obtained GEICO's assent to and agreement not to collaterally attack the Consent Judgment before its entry, which was allegedly a condition of Clendenin's agreement to the Consent Judgment with Kennedy. In short, GEICO has not convinced the Court by clear and convincing evidence that there is no possibility that Clendenin can establish a declaratory judgment claim against Kennedy. See Stillwell, 663 F.3d at 1332 ("To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" (citation and internal quotation marks omitted)).

Nor is the Court convinced that the claim against GEICO has no real connection to the claim against Kennedy. See Triggs, 154 F.3d at 1287 (stating that fraudulent joinder

15

exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant"). Again, Clendenin seeks the same declaration in Count I against both Kennedy and GEICO regarding those parties' actions in assenting to the Consent Judgment. As Clendenin persuasively explains, the uncertainty he seeks to resolve with the declaratory judgment claim "is rooted in whether [] Kennedy, GEICO's insured and party to the settlement agreement, secured all parts of the necessary assent from GEICO to execute the parties' stipulation to resolve the underlying case and forego a jury trial." (Doc. # 31 at 16). Resolving such uncertainty necessarily involves both Kennedy and GEICO and any declaration the Court might enter on Count I would have an impact on the defenses available to GEICO for Count II, the bad faith claim.

GEICO having failed to meet its heavy burden to prove fraudulent joinder, the Court will not dismiss Kennedy as fraudulently joined. This case must be remanded to state court for lack of jurisdiction.

Finally, the Court declines to award Clendenin attorney's fees and costs related to the Motion to Remand.

16

"An order remanding a removed case back to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) (quoting 28 U.S.C. § 1447(c)). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 136 (2005). "[S]imply because a court later determines that removal was inappropriate does not mean that the court is required to award attorney's fees." Fernandez v. Pilot Travel Ctrs., LLC, No. 5:07-cv-359-WTH-GRJ, 2007 WL 3379848, at *2 (M.D. Fla. Nov. 14, 2007). Here, although the Court disagrees with GEICO that Kennedy was fraudulently joined, GEICO's removal of the case on that basis was not objectively unreasonable. No fees or costs are warranted here.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Charles F. Clendenin's Motion to Remand (Doc. # 31) is **GRANTED.**

17

(2) The Clerk is directed to **REMAND** this case to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE